UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA            :
                                    :     **MEMORANDUM**
v.                                  :     **OPINION AND ORDER**
                                    :
DARIUS MONROE,                      :     18 CR 585-5 (VB)
                  Defendant.        :
--------------------------------------------------------------x

Now pending is defendant Darius Monroe's motion to "reduce the remainder of his sentence to 'home confinement.'" (Doc. #87 at ECF 2).[1] Monroe argues that the current COVID-19 pandemic and his asthma, which "makes him more susceptible to the virus' devast[at]ing effect," combined with his "rehabilitation" while in prison, constitute "extraordinary and compelling reasons" warranting the requested sentence reduction. (Id. at ECF 4–6, 10, 11).

For the following reasons, the motion is DENIED.

The COVID-19 pandemic is an unprecedented worldwide catastrophe. But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like Monroe, whose medical conditions and risk of contracting the virus cannot, by any reasonable definition, be deemed "extraordinary and compelling." See 18 U.S.C. § 3582(c)(1)(A)(i).

First, Monroe's offense conduct was exceptionally serious. He pleaded guilty to participating in a conspiracy to sell heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). As part of his plea agreement, Monroe stipulated to distributing between 400 and 700 grams of

---

[1] "Doc. #__ at ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

1

heroin; possessing a firearm in connection with his drug trafficking activities; and qualifying as a career offender under the Sentencing Guidelines based on the nature of the instant offense and his prior felony drug and robbery convictions.

On July 11, 2019, after careful consideration of the nature and circumstances of the offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a) factors, the Court sentenced Monroe to eighty-four months' imprisonment, to be followed by five years of supervised release.  The Court emphasized, among other factors, that defendant was "a major drug dealer" who distributed "thousands of glassine bags of heroin"; that he "possessed a firearm" in connection with his heroin trafficking; that he had "three prior felony convictions"; and that "he committed this crime while he was on parole." (Sentencing Tr. at 19-20, 23).  The Court found that the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities among the various defendants in this case. (Sentencing Tr. at 25).

Monroe has been detained since his arrest on June 15, 2018.  To date, he has served approximately twenty-four months of his eighty-four-month sentence, or about twenty-nine percent of the sentence imposed.

Second, Monroe has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account both his medical history and his risk of exposure to the virus. <u>See</u> 18 U.S.C. § 3582(c)(1)(A)(i).  Monroe is thirty years old.  He is neither elderly nor infirm.  He has asthma, which he claims is "moderate to severe" (Doc. #87 at ECF 6), but which the

government insists is "mild or intermittent." (Doc. #101 at 9). Monroe's medical records indicate that Bureau of Prisons ("BOP") medical staff have consistently monitored his condition and treated his asthma, including with an albuterol inhaler. (<u>See</u> <u>id</u>. Ex. A). Moreover, Monroe's medical records indicate his asthma "was much worse in childhood," but "now [he] rarely needs to use [the] inhaler," he does not experience "wheezing," he is able to perform activities of daily living without difficulty, and he has no history of ICU admission with intubation in the last five years. (<u>Id</u>.). In short, there is no indication in Monroe's medical records that these conditions significantly increase his risk of contracting COVID-19 or developing serious complications if he does.

Of course, Monroe is at risk for contracting the virus at U.S. Prison ("USP") Canaan. However, the Court is persuaded by the government's submission that USP Canaan has taken substantial measures to respond to the COVID-19 threat at its facility, thereby mitigating its spread, and has the means to competently care for its inmate population.

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable." The serious nature of Monroe's offense warranted a lengthy sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by more than seventy percent. Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense. To so dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law. And shortening Monroe's sentence would undermine two other critical sentencing objectives in this case: the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. These sentencing factors not only supported the

sentence at the time it was imposed, they also weigh strongly against Monroe's early release, especially given that Monroe committed the instant offense while on parole.

Accordingly, defendant Darius Monroe's motion for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

    Darius Monroe
    USP Canaan
    U.S. Penitentiary
    P.O. Box 300
    Waymart, PA  18472

Dated: July 2, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge