UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA          :

v.                                :                    **ORDER**

                                  :                    18 CR 585-5 (VB)

DARIUS MONROE,                    :

                    Defendant.    :
----------------------------------------------------x

By motion dated October 28, 2021, defendant Darius Monroe renews his request for a

reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He claims his asthma puts him

at risk of severe complications from COVID-19, he has made sincere efforts at rehabilitation,

and he is a non-violent drug offender.

For the reasons set forth below, the motion is DENIED.

The facts underlying Monroe's conviction remain the same. Over a two-year period from

2016 to 2018, he was a member of a drug trafficking organization that sold large quantities of

heroin in and around Middletown, New York. Monroe purchased resale quantities of heroin

from a co-conspirator and re-sold the heroin to addicts and lower-level drug dealers. He was

arrested on June 15, 2018, after retrieving a firearm from a co-conspirator's house. Thereafter,

Monroe pleaded guilty to conspiracy to distribute more than 100 grams of heroin. In a plea

agreement, he stipulated to distributing between 400 and 700 grams of heroin; possessing a

firearm in connection with his drug trafficking activities; and qualifying as a career offender

under the Sentencing Guidelines based on the nature of the offense and his prior felony drug and

robbery convictions. Monroe's Guidelines range was 188 to 235 months' imprisonment.

On July 11, 2019, after careful consideration of the nature and circumstances of the

offense and the history and characteristics of the defendant, as well as all the 18 U.S.C. § 3553(a)

factors, the Court sentenced Monroe to 84 months' imprisonment, to be followed by five years of

1

supervised release.   The Court emphasized that Monroe was a major drug dealer who distributed thousands of glassine bags of heroin, he possessed a firearm in connection with his heroin trafficking, he had three prior felony convictions, and he committed this crime while he was on parole.   The Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities among the various defendants in this case.

Monroe has been detained since his arrest.   To date, he has served approximately 41 months of his 84-month sentence, or about half of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A)(i).

For the following reasons, the Court finds Monroe has not demonstrated extraordinary and compelling reasons warranting a reduction of his lawfully imposed prison sentence, and that even if he did, consideration of the Section 3553(a) factors counsels strongly against his early release.

First, although Monroe's medical records reflect that he has asthma, those records also reflect that Bureau of Prisons ("BOP") medical staff have consistently monitored his condition and treated his asthma, including with an albuterol inhaler.   Also, Monroe's medical records indicate his asthma "was much worse in childhood," but "now [he] rarely needs to use [the] inhaler," he does not experience "wheezing," and he is able to perform activities of daily living without difficulty.   Moreover, after first refusing the Moderna vaccine, Monroe received the first

dose of the vaccine on October 5, 2021, and by now has presumably received the second dose, which means his risk of serious illness if he contracts COVID-19 is extremely low notwithstanding his asthma.

In addition, although the Court applauds Monroe's efforts at rehabilitation, which will serve him well once he completes service of his sentence, those efforts do not constitute extraordinary and compelling reasons to warrant a sentence reduction given the seriousness of his offense and his prior criminal record.

Likewise, even though Monroe was not convicted of a violent offense, he possessed a firearm in connection with his drug trafficking activities, which means the potential for violence was present. And the fact he was not convicted of a violent crime plainly does not constitute an extraordinary and compelling reason for a sentence reduction. If it did, every inmate serving a jail sentence for a non-violent drug offense would be eligible for a reduced sentence.

Finally, and importantly, Section 3582(c)(1)(A) mandates that the Court consider the Section 3553(a) factors "to the extent that they are applicable." The Court has done so here. The extremely serious nature of Monroe's offense and prior criminal record warranted a lengthy sentence at the time it was imposed, and nothing has changed to warrant a dramatic reduction in that sentence. Indeed, the sentence, which represented a significant downward variance from the applicable Guidelines range, was designed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. The sentencing factors that supported the sentence at the time it was imposed weigh strongly against Monroe's early release, especially given that Monroe committed the instant offense while on parole.

Accordingly, defendant Darius Monroe's renewed motion for a reduction of sentence is

DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Darius Monroe, Reg. No. 85814-054
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA  18472

Dated: November 22, 2021
       White Plains, NY

                           SO ORDERED:

                           Vincent L. Briccetti
                           United States District Judge